UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| JOSEPHINE GATES MILLER, | ) |
| Plaintiff, | ) Civil Action No. 5:18-CV-381-CHB |
| v. | ) |
| COMMISSIONER OF SSA, | ) **MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS** |
| Defendant. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Defendant Nancy A. Berryhill, Commissioner of Social Security's Motion to Dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). [R. 14] Plaintiff Josephine Gates Miller responded to Defendant's motion [R. 15], Defendant filed its brief in reply [R. 16], and, with leave of the court, Plaintiff filed a sur-reply [R. 19] This matter, being fully briefed, is now ripe for review. For the reasons stated herein, the Court will **GRANT** Defendant's Motion.

**I.   Background**

This case regards the sixty-day deadline for filing a civil suit to challenge a final decision by the Commissioner of Social Security under 42 U.S.C. § 405(g), and when it is appropriate to equitably toll that deadline. Because this matter is before the Court on a motion to dismiss pursuant to Rule 12(b)(6), the "complaint is viewed in the light most favorable to [the plaintiff]; the allegations in the complaint are accepted as true, and all reasonable inferences are drawn in the plaintiff's favor." *Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016); *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008).

According to Plaintiff's Amended Complaint, she originally applied for benefits under the Social Security Administration Disabled Adult Child program on September 15, 2011. [R. 1 p. 2] Her application and request for reconsideration were both denied. [*Id.*] Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") and was provided one on November 8, 2013. [*Id.*] This hearing regarded whether she had engaged in Substantial Gainful Activity after reaching the age of 22 years, and Plaintiff claims that the ALJ ruled that she had not. [*Id.*] At the hearing, the ALJ made no decision as to her disability status. [*Id.*] Roughly six months later, Plaintiff wrote to the Social Security Administration, asking about the status of her case. On May 19, 2014, she received a letter informing her that she had not applied for benefits, which Plaintiff asserts was mistaken. [*Id.*]

Plaintiff then applied for benefits on May 21, 2014. Her application and Request for Reconsideration of the application were both denied. [*Id.*] Plaintiff applied for a hearing, which was held before an ALJ in Lexington, Kentucky on August 26, 2016. [*Id.*] The ALJ found that Plaintiff was not disabled as defined in section 223(d) of the Social Security Act prior to April 28, 1976, the date she reached the age of 22. [*Id.*] On November 7, 2017, the Social Security Administration Appeals Council upheld the denial without a hearing. [*Id.*] This made the ALJ's decision the "final decision" of the commissioner, which Plaintiff could challenge in court under 42 U.S.C. §405(g). Plaintiff claims that she did not receive notice of this decision, and therefore did not know that there was a deadline to file a civil suit challenging the decision. [*Id.*] On April 6, 2018, Plaintiff went to her local Office of Disability Adjudication and Review ("ODAR") to inquire about the status of her case, where she was given the copy of the notice letter indicating that the Appeals Council had rejected her request for review. [R. 1 p. 4; R 15 p. 5] On June 6, 2018, Miller filed this action for court review of the ALJ's decision. The Commissioner then

filed a motion to dismiss, claiming Plaintiff missed the filing deadline imposed by 42 U.S.C. § 405(g).

## II. Discussion

### A. Deadline

Civil actions challenging a final decision of the Commissioner of Social Security must be "commenced within sixty days after the mailing to [plaintiff] notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. 405(g); 20 C.F.R. § 422.210(c) ("[a civil action] must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council is received by the individual . . . except that this time may be extended by the Appeals Council upon a showing of good cause"). Under Section 405(g), "mailing" is interpreted as the date of receipt by the individual of the Appeal's Council's notice of denial for a request for review. 20 C.F.R. § 422.210(c); *see also Harris v. Comm'r of Soc. Sec.*, 25 F. App'x. 273, 273–74 (6th Cir. 2001). The date of receipt is presumed to be five days after the notice's date, unless the applicant makes a showing to the contrary. *Id.*

In this case, the Commissioner initially argued that the Social Security Admission's Appeals Council notified Plaintiff of its decision to deny her request for review of the ALJ's decision on November 7, 2017. [R. 14 p. 5] The notice was dated November 7, 2017 [R. 14-2 pp. 3, 26; R. 15 p. 3] Therefore, the Court presumes the Plaintiff received the decision five days after November 7, 2017, unless she shows that she did not actually receive notice. 20 C.F.R. § 422.210(c); *Harris*, 25 F. App'x at 273. Ordinarily, there is a presumption of the delivery of mail. *McKentry v. Sec'y of Health and Human Services*, 655 F.2d 721, 724 (6th Cir. 1981). However, Plaintiff claims that she did not receive a copy of the decision until April 6, 2018, when she went to the ODAR herself to inquire about the status of her case. [R. 1 p. 4; R. 15 p. 2]

She has also attached to her complaint a copy of the decision she received that day, stamped "Received Apr 06 2018 Lexington ODAR" [R. 1-5]  It would make little sense that Plaintiff would go to the ODAR office inquiring about the status of her case if she had actually received notice of the decision.  Viewing the evidence in the light most favorably to the Plaintiff, the Court finds that she has made a showing that she did not receive the decision until April 6, 2018.

However, even when using April 6, 2018 as the date of receipt, Plaintiff's suit was still untimely.  She filed her civil suit on June 6, 2018, [R. 15 p. 2]  which is sixty-one (61) days after the date she received the Notice of Appeals Council Action.  This is undisputedly beyond the sixty-day limit provided by 405(g). 405(g) is treated as the statute of limitations for such civil suits; the waiver of sovereign immunity is conditional on its existence, and it therefore must be strictly construed. *Bowen v. City of New York*, 476 U.S. 467, 479 (1986).  Plaintiff did not commence her lawsuit until one day after the limitations period had run, so absent a waiver by the Commissioner or showing that an equitable tolling of the limitations period applies, her case should be dismissed.

      B.     <u>Equitable Tolling</u>

As she filed her suit one day beyond 405(g)'s statute of limitations, Plaintiff asks that the statutory period be equitably tolled by that one day. Section 405(g) allows for equitable tolling of the statute of limitations by the Commissioner, or by the courts where "the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate.'" *Bowen*, 476, U.S. at 480 (quoting *Matthews v. Eldridge*, 424 U.S. 319, 330 (1976)).

There are two possible tests for evaluating whether to equitably toll the statute of limitations in this case. *See McElfresh v. Comm'r of Soc. Sec.*, No. 17–3012, 2017 WL 6820168, at *2 (6th Cir. Sept. 15, 2017).  The Sixth Circuit has used a five-factor test in social security

appeal cases laid out in *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432 (6th Cir. 2007). These factors are:

> (1) the petitioner's lack of [actual] notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Cook*, 480 F.3d at 437. The Supreme Court has since announced a two-part test for equitably tolling statutes of limitations, albeit in the context of Habeas Corpus, which requires (1) that [a litigant] has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland v. Florida*, 560 U.S. 631, 649 (2010); *Kellum v. Comm'r of Social Sec.*, 295 F. App'x 47, 50 (6th Cir. 2008). The Supreme Court has also recently held that prong two of this test requires that the "circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 756 (2016) (emphasis in original). Both tests require exceptional circumstances justifying tolling the limitations period, which Plaintiff has failed to show. *See id; Kellum v. Comm'r of Soc Sec.*, 295 F. App'x 47, 49 (6th Cir. 2008) (citing *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002)).

The fact that a lawsuit is untimely by only one day does not by itself justify tolling the statute of limitations. The Sixth Circuit has dismissed claims filed one day late that did not make the required showings for an equitable tolling because of the need for clear deadlines. *See Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007) ("there are millions of applicants for Social Security benefits each year, and that the lack of a clear filing deadline could create havoc in the system"); *Johnson v. United States Postal Service*, 863 F.2d 48 (Table), 1988 WL 122962, at *3 (6th Cir. Nov. 16, 1988) ("The line must be drawn somewhere."). "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000) (internal

citations omitted). Therefore, the fact that suit was untimely by only one day in and of itself is not sufficient to justify equitably tolling the statute of limitations. Plaintiff must instead show that exceptional, or extraordinary circumstances warrant equitable tolling.

Were Plaintiff asking for equitable tolling for the period from November 7, 2017 to April 6, 2018 she may have a legitimate claim under the *Cook* or *Holland* tests. After all, she asserts that she did not receive notice of the mailed decision so she could not possibly have known that she was facing a sixty-day deadline. [R. 15. P. 5] Since she in fact received notice on April 6, 2018, that is not what she is asking for. Instead, she asks that the Court equitably toll the limitations period by one day during the period from April 6, 2018 to June 6, 2018 so that her suit is timely.[1] [R. 19 p. 1–2]

Looking at the *Cook* test, factor five (prejudice to the defendant) appears to favor Plaintiff. It is unlikely that the Commissioner was prejudiced by the case filed one day late, and Defendant has not argued otherwise. However, a lack of prejudice is insufficient to warrant equitable tolling absent other justifications. *Kellum v. Comm'r of Soc. Sec.*, 295 F. App'x 47, 49–50 (6th Cir. 2008) (citing *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984) ("Although absence of prejudice is a factor to be considered in determining whether the doctrine of equitable tolling should apply once a factor that might justify such tolling is identified, it is not an independent basis for invoking the doctrine and sanctioning deviations from established procedures.")). Factor three, whether plaintiff has diligently pursued her rights, probably favors Plaintiff, although it is not entirely clear. Plaintiff was certainly diligent before April 6, as she went to her local ODAR to inquire about the status of her case because she had not received any

---

[1] Plaintiff also requests that the five-day grace period given from the date of notice be given here as well. [R. 19 p. 3 n.1] This request is without merit. The reason for the presumption that an Appeals Council's decision will be received within five days is to account for circumstances where the mail takes time to reach someone. *See Cook*, 432 F.3d at 436. Here, Plaintiff actually received the notice on April 6 and so the grace period is inapplicable.

notice from the Appeals Council. She has also diligently pursued her rights since the filing of this suit; she has filed a response, and sur-response in this case to Defendant's Motion to Dismiss. However, Plaintiff was not diligent with regard to the critical issue—ensuring that her claim was filed on time. Since April 6, 2018, there is no indication of anything in the record leading up to her untimely lawsuit. Moreover, Plaintiff never filed for an extension of time with the Secretary. *See* 20 C.F.R. §§ 404.982; 416.1482. Taking this all into account factor three still weighs slightly in favor of Plaintiff.

Unfortunately for Plaintiff, factors one, two, and five of the *Cook* test, and prong two of the *Holland* test weigh heavily against her. Plaintiff does not claim a lack of knowledge of the sixty-day filing requirement. While Plaintiff was initially unaware of the Appeals Council's decision, she admits she received notice on April 6, 2018. [R. 1 p. 4; R. 15-2 p. 1] This concedes factor one. She also has not argued that she did not understand the requirement, conceding factors two and five.

Plaintiff also has not presented anything that occurred from April 6, 2018 until the deadline of June 5, 2018, let alone extraordinary circumstances outside of her control, that prevented her from filing her civil action within the sixty-day deadline. *See* 20 C.F.R. §§ 404.911, 416.1411; *Menominee Indian Tribe*, 136 S. Ct. at 756. Plaintiff gives examples of other district court decisions in the Sixth Circuit which found equitable tolling appropriate. [R. 19 p. 1–2] In all of these cases, plaintiffs gave either *some* reason beyond their control for why their filing was late, or a justifiable misunderstanding caused by the Appeals Council regarding the filing date. *See Paris v. Comm'r of Soc. Sec.*, No. 13-11301, 2013 WL 6549916 at *3–6 (E.D. Mich. Dec. 13, 2013) (involving a family illness, multiple and inexperienced lawyers); *Brenner v. Comm'r of Soc. Sec.*, No. 11-13888, 2012 WL 3030736, at *1 (E.D. Mich. July 25, 2012) (pro se plaintiff who attempted to file within the statute of limitations, but was unable to do so);

*Brown v. Comm'r of Soc. Sec.*, No. 4:12-cv-80, 2013 WL 1759566, at *2 (E.D. Tenn. March 29, 2013) (counsel mailed the complaint within the limitations period, but the complaint was not delivered for twenty-one days, an extraordinarily long time outside of plaintiff's control); *Mays v. Comm'r of Soc. Sec.*, No. 1:08-cv-871, 2010 WL 749727 (S.D. Ohio March 1, 2010) (plaintiff reasonably assumed the sixty day appeal period would run from the mailing of a second notice). Unlike the cases she cites, Plaintiff has given no reason at all to excuse delay during the relevant the sixty-day period, April 6, 2018 to June 5, 2018. Nor has she claimed that any previous delay in receiving notice prevented her in any way from having the full sixty days provided by the statute. 42 U.S.C. § 405(g). There is nothing in Plaintiff's case that would be logically distinguishable for any future "almost timely" request, which is the chief concern of the Sixth Circuit in *Cook*. *See Cook*, 480 F.3d at 437; *see also Kellum*, 295 F. App'x. at *53–54 (Sutton, J., dissenting). Moreover, she ignores the countless decisions by district courts and the Sixth Circuit that have strictly construed the filing deadline and rejected requests to equitably toll the statute of limitations. *See, e.g.*, *McElfresh v. Comm'r of Soc. Sec.*, No. 17–3012, 2017 WL 6820168 (6th Cir. Sept. 15, 2017). As such, there is no justification for equitably tolling the statute of limitations provided by 42 U.S.C. § 405(g).

### I. Conclusion

Accordingly, for the above stated reasons, the Court will **GRANT** Defendant's Motion to Dismiss [R. 14], and Plaintiff's claim will be **DISMISSED WITH PREJUDICE**.

An order will be entered in accordance with this opinion.

This the 15th day of November, 2019.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY